UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| FRANK D. BROGAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-00861-TWP-TAB |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner | ) |
| of Operations, Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Frank Brogan ("Brogan") requests judicial review of the final decision of the Deputy Commissioner of Operations for the Social Security Administration, denying his applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). For the following reasons, the Court **AFFIRMS** the decision of the Deputy Commissioner.

### I.  BACKGROUND

**A.  Procedural History**

On August 29, 2013, Brogan filed applications for DIB and SSI, alleging a disability onset date of June 3, 2013. (Filing No. 13-2 at 16.) His applications were initially denied on October 21, 2013, (Filing No. 13-4 at 3), and upon reconsideration on January 28, 2014, (Filing No. 13-4 at 17). Administrative Law Judge Blanca de la Torre (the "ALJ") held a hearing on July 8, 2015, at which Brogan, represented by counsel, and a vocational expert ("VE"), Dr. George Parsons, appeared and testified. (Filing No. 13-2 at 38-72.) The ALJ issued a decision on September 23, 2015, concluding that Brogan was not entitled to receive DIB or SSI. (Filing No. 13-2 at 13.) The Appeals Council denied review on February 14, 2017. (Filing No. 13-2 at 2.) On March 20, 2017,

Brogan timely filed this civil action, asking the court pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c) to review the final decision of the Deputy Commissioner denying Brogan benefits. ([Filing No. 1](#).) For the following reasons, the Court **AFFIRMS** the decision of the Deputy Commissioner.

## I. <u>STANDARD OF REVIEW</u>

"The Social Security Act authorizes payment of disability insurance benefits … to individuals with disabilities." *Barnhart v. Walton*, 535 U.S. 212, 214 (2002). "The statutory definition of 'disability' has two parts. First, it requires a certain kind of inability, namely, an inability to engage in any substantial gainful activity. Second, it requires an impairment, namely, a physical or mental impairment, which provides reason for the inability. The statute adds that the impairment must be one that has lasted or can be expected to last … not less than 12 months." *Id*. at 217.

THESE ARE THE PARAGRAPHS YOU TYPICALLY USE: Under the Act, a claimant may be entitled to DIB or SSI only after he establishes that he is disabled. Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work but any other kind of gainful employment which exists in the national economy, considering his age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

The Commissioner employs a five-step sequential analysis to determine whether a claimant is disabled. At step one, if the claimant is engaged in substantial gainful activity, he is not disabled

despite his medical condition and other factors. 20 C.F.R. § 416.920(a)(4)(i). At step two, if the claimant does not have a "severe" impairment that meets the durational requirement, he is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). A severe impairment is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, and whether the impairment meets the twelve month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 416.920(a)(4)(iii).

If the claimant's impairments do not meet or medically equal one of the impairments on the Listing of Impairments, then his residual functional capacity will be assessed and used for the fourth and fifth steps. Residual functional capacity ("RFC") is the "maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008) (citing 20 C.F.R. § 404.1545(a)(1); SSR 96-8p). At step four, if the claimant is able to perform his past relevant work, he is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). At the fifth and final step, it must be determined whether the claimant can perform any other work in the relevant economy, given his RFC and considering his age, education, and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). The claimant is not disabled if he can perform any other work in the relevant economy.

The combined effect of all the impairments of the claimant shall be considered throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B). The burden of proof is on the claimant for the first four steps; it then shifts to the Commissioner for the fifth step. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id*. (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

The ALJ must apply the five-step inquiry set forth in 20 C.F.R. § 404.1520(a)(4)(i)-(v), evaluating the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform [his] past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000) (citations omitted) (alterations in original).[1] "If a claimant satisfies steps one, two, and three, [he] will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then [he] must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After step three, but before step four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted decisions.

4

impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id*. The ALJ uses the RFC at step four to determine whether the claimant can perform his own past relevant work and if not, at step five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 404.1520(iv), (v). The burden of proof is on the claimant for steps one through four; only at step five does the burden shift to the Commissioner. *See Clifford*, 227 F.3d at 868.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Barnett*, 381 F.3d at 668. When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is typically the appropriate remedy. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). An award of benefits "is appropriate where all factual issues have been resolved and the record can yield but one supportable conclusion." *Id*. (citation omitted).

## II. FACTUAL BACKGROUND

Brogan was 37 years of age at the time he applied for DIB and SSI. (Filing No. 13-5 at 2.) He has completed the ninth grade and previously worked as a tree trimmer, tree trimmer supervisor, and at a gas station, pumping gas, stocking, and as a self-service attendant. (Filing No. 13-2 at 28.)[2]

The ALJ followed the five-step sequential evaluation set forth by the SSA in 20 C.F.R. § 404.1520(a)(4) and ultimately concluded that Brogan is not disabled. (Filing No. 13-2 at 30.) At

---

[2] Both parties provided a detailed description of Brogan's medical history and treatment in their briefs. (Filing No. 15; Filing No. 19.) Because that discussion implicates sensitive and otherwise confidential medical information concerning Brogan, the Court will simply incorporate those facts by reference and detail specific facts only as necessary to address the parties' arguments.

step one, the ALJ found that Brogan has not engaged in substantial gainful activity[3] since June 3, 2013, the alleged onset date. (Filing No. 13-2 at 18.) At step two, the ALJ found that Brogan has the following severe impairments: obesity, chronic obstructive pulmonary disease ("COPD"), and degenerative joint disease of the right shoulder. (Filing No. 13-2 at 18.) At step three, the ALJ found that Brogan does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (Filing No. 13-2 at 19.) After step three but before step four, the ALJ found that Brogan has the RFC "to perform a range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently. With customary breaks in the morning, at lunch and in the afternoon, he can stand and/or walk for 4 hours total of an 8-hour workday; and can sit for 6 hours of an 8-hour workday. He is unable to crawl or work on ladders, ropes, or scaffolds. Occasionally he can climb stairs and ramps, balance, stoop, crouch, and kneel. He is able to perform overhead work only occasionally. He cannot tolerate any exposure to extreme heat, extreme cold, humidity, fumes, odors, dusts, gases, and other lung irritants, and unprotected heights." (Filing No. 13-2 at 24.) At step four, the ALJ concluded, after considering Brogan's age, education, work experience, and RFC and relying on the testimony of the VE, that Brogan is incapable of performing any of his past relevant work. (Filing No. 13-2 at 28.) At step five of the analysis, relying on VE testimony considering Brogan's age, education, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy that Brogan could have performed through the date of the decision. (Filing No. 13-2 at 29.)

---

[3] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a).

## III. DISCUSSION

Brogan presents a single issue on appeal, arguing that the ALJ "erroneously rejected several of Agency examining physician Dr. Mazdai's opinions." ([Filing No. 15 at 5](#).) The ALJ ordered Brogan to attend a post-hearing consultative examination. Brogan complied and was examined on July 24, 2015 by Dr. Mazdai. The record contains a medical source statement completed by Dr. Mazdai detailing Brogan's assessed abilities to do work-related physical activities, as well as the findings of the physical examination and a pulmonary function study completed on that date. ([Filing No. 13-13 at 52-65](#).) Brogan details numerous examples of how Dr. Mazdai's opinion differs from the ALJ's RFC findings, including most notably that Dr. Mazdai opined that Brogan was only capable of working seven hours of an eight-hour workday between sitting, standing, and walking. ([Filing No. 15 at 8](#) (citing [Filing No. 13-13 at 53](#)).) Brogan argues that "the ALJ made a harmful mistake of fact when she ruled that Dr. Mazdai reported 'normal' findings." ([Filing No. 15 at 9](#).) Brogan further takes issue with the ALJ's characterization that the opinion was "internally inconsistent." ([Filing No. 15 at 10](#).)

As a general rule, the ALJ is not required to credit the opinion of an agency examining physician. *Beardsley v. Colvin*, 758 F.3d 834, 839 (7th Cir. 2014). "But rejecting or discounting the opinion of the agency's own examining physician that the claimant is disabled, as happened here, can be expected to cause a reviewing court to take notice and await a good explanation for this unusual step." *Id.* (citing *Gudgel v. Barnhart,* 345 F.3d 467, 470 (7th Cir.2003) ("An ALJ can reject an examining physician's opinion only for reasons supported by substantial evidence in the record; a contradictory opinion of a non-examining physician does not, by itself, suffice."); 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.")).

However, an ALJ is also instructed to consider the "supportability" of an opinion, including instructions that "[t]he better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion." 20 C.F.R. § 404.1527(c)(3). Furthermore, it is proper for an ALJ to consider "internal inconsistencies" when deciding the appropriate weight that a medical opinion should be given. *Skarbek v. Barnhart,* 390 F.3d 500, 504 (7th Cir. 2004).

The ALJ did not adopt any one opinion of record completely, but considered all the relevant evidence in making her RFC determination. The ALJ's RFC finding was more limited than the reduced range of light work opined by the state agency reviewing consultant opinions that she gave only "some weight" due to the updated record following their reviews. This last sentence doesn't read well…it's a bit confusing ([Filing No. 13-2 at 26](Filing No. 13-2 at 26).) She accurately described Dr. Mazdai's opinion, noting the limitations expressed in the medical source statement. ([Filing No. 13-2 at 27](Filing No. 13-2 at 27).) Her RFC finding was actually more restrictive in terms of Brogan's lifting and carrying limitations, where Dr. Mazdai assessed an ability to lift and carry up to twenty pounds continuously (more than two thirds of an eight-hour day) and fifty pounds occasionally, ([Filing No. 13-13 at 52](Filing No. 13-13 at 52)), and the ALJ found that Brogan could lift and carry twenty pounds occasionally and ten pounds frequently, ([Filing No. 13-2 at 24](Filing No. 13-2 at 24)). The ALJ noted that Dr. Mazdai assessed a capacity to sit a total of three hours in an eight-hour day, stand a total of two hours, and walk a total of two hours, ([Filing No. 13-13 at 53](Filing No. 13-13 at 53)), and that "[a]lthough the form requested an explanation of what the claimant should do during the remainder of an eight-hour workday, Dr. Mazdai did not explain". ([Filing No. 13-2 at 27](Filing No. 13-2 at 27).) The ALJ also either adopted Dr. Mazdai's environmental limitations that were more restrictive than any other opinion of record or found even greater limitations that Brogan "cannot tolerate any exposure to extreme heat, extreme cold, humidity, fumes, odors, dusts, gases, and other lung irritants, and unprotected heights." ([Filing No. 13-2 at 24](Filing No. 13-2 at 24).)

8

However, the ALJ concluded as to certain limitations not accounted for in her RFC, like an ability to sit a total of three hours in an eight-hour day and an inability to work a full-time eight-hour schedule, "I give little weight to Dr. Mazdai's opinion because I find it in [sic] internally inconsistent by reporting a normal evaluation, allowing medium exertion yet limiting the claimant to only seven hours of work."[4] (Filing No. 13-2 at 27.)

The Court finds that the ALJ gave a sufficiently good explanation for why she discounted aspects of Dr. Mazdai's opinion that were not adopted in her RFC finding. Brogan cites longstanding precedent that an agency fact finder must address important evidence. (Filing No. 15 at 6.) Brogan also takes issue with the ALJ labelling Dr. Mazdai's examination as normal and points to examination findings that were abnormal, including that Brogan had a body mass index of thirty, denoting obesity and that his lungs were found to have wheezes, rhonchi, and crackles bilaterally. (Filing No. 15 at 9.) However, the Court cannot conclude that the ALJ was unaware of either finding, because she addressed both in the decision. The ALJ is not required to address every piece of evidence in each section of her decision nor repeat the factual analysis throughout each section. *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("it is proper to read the ALJ's decision as a whole, and . . . it would be a needless formality to have the ALJ repeat substantially similar factual analyses"). "There is no requirement of such tidy packaging, however; we read the ALJ's decision as a whole and with common sense." *Buckhanon ex rel. J.H. v. Astrue*, 368 F. App'x 674, 678–79 (7th Cir. 2010) (citing *Rice*, 384 F.3d at 369; *Shramek v. Apfel*, 226 F.3d 809, 811 (7th Cir. 2000)). In a previous portion of the decision discussing Brogan's severe impairments, prior to discussing the weight she gave Dr. Mazdai's opinion, the ALJ specifically

---

[4] In this context, the ALJ's use of the term "medium exertion" allowed by Dr. Mazdai refers to the lifting and carrying capacity assessed by the provider, which is fairly consistent with "medium work" as that term is defined in the regulations. 20 C.F.R. § 404.1568(c) (defining only the lifting and carrying requirements).

noted that wheezes, rhonchi, and crackles were found during the examination. (Filing No. 13-2 at 21 (citing Filing No. 13-13 at 60).) The ALJ also specifically found obesity to be a severe impairment and discussed the supporting evidence of record that led to that conclusion. (Filing No. 13-2 at 23-24.)

Moreover, it was Dr. Mazdai who labelled the examination, stating in the "medical source statement" of the examination report that Brogan's "mobility and range of motion are fairly *normal*." (Filing No. 13-13 at 60) (emphasis added). The Court does not find the ALJ's quoting of the examiner's assessment to be misleading. *Johnson v. Apfel*, 189 F.3d 561, 564 (7th Cir. 1999) ("we give the opinion a commonsensical reading rather than nitpicking at it"). More importantly, the label is predominantly accurate. Dr. Mazdai, with the only exceptions that Brogan identified, did not find any abnormalities, including normal range of motion, strength, sensation, gait, and reflexes. (Filing No. 13-13 at 60.) Even the lung findings were somewhat contradicted by an oxygen saturation level of ninety-seven percent on room air, no "acute respiratory distress" with movement, (Filing No. 13-13 at 59), and the results of the pulmonary function study that found a greater overall lung capacity than previous studies and exceeding the thirty-seven percent lung capacity that was the basis of Brogan's application for benefits, (Filing No. 13-13 at 61-64 (compared with Filing No. 13-7 at 45-47).) Dr. Mazdai's impression findings did not indicate a positive diagnosis, but rather only a history of chronic asthma with exertional dyspnea, COPD, and tobacco addiction. (Filing No. 13-13 at 60.) Being that Dr. Mazdai was a one-time examiner, with no previous treatment relationship with Brogan or any apparent knowledge of the rest of the medical file, the consistency of the assessment with the examination findings would be the critical inquiry for the ALJ to assess the weight the opinion should be afforded. The Court does not find error either with the ALJ's articulation of the evidence or the substance of the ALJ's analysis.

The ALJ also explained that the lifting and carrying assessment of Dr. Mazdai was internally inconsistent with an inability to work a full eight-hour day. The use of the term is not precisely accurate. It is not impossible that someone could have the capacity to lift and carry twenty pounds occasionally and fifty pounds constantly, yet not be able to work more than seven hours a day between sitting, standing, and walking. However, again taking a commonsense approach to the ALJ's written decision, it is an unusual combination of abilities and limitations. If Dr. Mazdai thought the examination did not provide a basis for reducing the lifting and carrying assessment from a capacity to engage in fairly physical work, what was the basis for assessing a fairly severe, limited capacity of only being able to sit a total of three hours and work seven hours in an eight-hour day? The answer is not readily available in the examination findings discussed above and the ALJ noted that Dr. Mazdai did not provide an explanation for the inability to work eight hours in the space provided, which would be a factor in assessing the weight the opinion should be afforded. 20 C.F.R. § 404.1527(c)(3). Moreover, there are internal inconsistencies with Dr. Mazdai's assessment. For example, as noted, Dr. Mazdai indicated that Brogan could only sit for three hours of an eight-hour day, but also indicated that Brogan was capable of continuously operating a motor vehicle for more than two-thirds of an eight-hour day. ([Filing No. 13-13 at 56](#).) The Court is not able to square those particular assessments in any logical way. Taken collectively, the Court does not find the ALJ's rationale for discounting narrow portions of Dr. Mazdai's assessment to be lacking. "The standard for disability claims under the Social Security Act is stringent." *Williams-Overstreet v. Astrue*, 364 F. App'x 271, 274 (7th Cir. 2010). "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Id.* at 274. Accordingly, the Court finds the ALJ's

conclusion, discounting the most severely limiting portions of the assessment, is supported by substantial evidence.

## IV. **CONCLUSION**

For the reasons set forth above, the Court finds no legal basis to reverse the ALJ's decision. The final decision of the Deputy Commissioner is **AFFIRMED**. Brogan's appeal is **DISMISSED**.

**SO ORDERED.**

Date: 5/2/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

J. Frank Hanley, II
LAW OFFICES OF J. FRANK HANLEY II, INC.
jfrankhanley@jfrankhanley.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE
kathryn.olivier@usdoj.gov